## Riddle Estate

*Lois G. Forer*, Deputy Attorney General, for Commonwealth.

*Robert B. Greer* and *Ralph L. Lindenmuth*, for trustees.

VAN RODEN, P. J., December 17, 1956.—The above named decedent, Samuel D. Riddle, by the provisions of his will which has been duly probated, created a trust estate consisting of the residue of his estate for the purpose of establishing, equipping, maintaining and operating a hospital. To accomplish this purpose the trustees named in the will are, among other things, directed to form a nonprofit corporation.

Decedent died on January 8, 1951, and on December 14, 1953, the litigation involving the validity of the will was concluded.

The Commonwealth and the three testamentary trustees were represented by counsel in open court pursuant to a petition filed in this court by the Attorney General for the allowance of a rule to show cause why a nonprofit corporation has not been formed to effectuate and accomplish the purposes of this trust in accordance with the provisions of the will of decedent.

As a result of this hearing there is presently before the court for determination certain applications by the Attorney General of the Commonwealth of Pennsylvania. The first is contained in his petition for a rule to show cause why a corporation has not been formed to effectuate and accomplish the purposes of the trust. In addition, oral requests were made at the bar of the court by the Deputy Attorney General at the time of

the hearing upon the above mentioned petition, that a trustee ad litem or a general trustee be appointed who "might expedite matters so that the formation of the corporation and the transfer of the assets could be completed in as short a time as possible."

At said hearing the court was informed that the present action is brought in accordance with the present practice and program of the Attorney General to enforce the operation of dormant, charitable trusts and to conduct investigations of numerous charitable trusts in this Commonwealth on behalf of the public interest.

The Attorney General expresses the belief that it is in the best interests of the public in the present case to have the hospital contemplated by decedent as provided in his will, established as soon as possible.

The Attorney General of the Commonwealth is to be highly commended for the initiative and diligence which he has shown with respect to the functioning of public charitable trusts and for the beneficial results already accomplished in a number of cases. Also, it is gratifying to know that the courts of this Commonwealth have shown such a splendid attitude of coöperation.

From the credible information submitted to the court at the hearing, it appears that the trustees are presently actually engaged in the process of the formation of a nonprofit corporation to undertake the establishment and operation and maintenance of the hospital, which includes securing 15 well qualified and responsible citizens to serve as directors, the reservation of the proposed corporate name and the arrangements for advertising the application for a charter. This is not controverted or disputed by the Commonwealth.

Notwithstanding the fact that the actual formation of the corporation is in progress, the Attorney General

asks the court to appoint a trustee ad litem or to appoint a general trustee who "could take immediate control of the assets, proceed to liquidate where necessary, and when the corporation should be established and has received the necessary permits from the Department of Welfare and has made all the other necessary arrangements which will be somewhat time consuming and rather complicated; then the trustee can render a full accounting to this court and turn over the assets to the corporation which will be ready to do business at that time."

Counsel for the trustees in opposing the appointment of any trustee as requested by the Attorney General, argue that the trust is not dormant, that the capital assets, including the value of real estate holdings, as well as the horses and live stock and equipment, have been materially and very substantially increased by the active management of the trust estate continuously until the present time, that the time is now ripe for the formation of the corporation. Counsel for the trustees also suggest that having secured the 15 persons to act as directors of the proposed nonprofit corporation even though public spirited and sincerely desirous of aiding the establishment and operation of the hospital, their enthusiasm and public interest will not be aided in any way by the threat of litigation or of the intervention of a trustee whose presence might not be in harmony with their concept of the proper and efficient management of the corporation in carrying out the terms of the trust, but that such action could very easily induce these public spirited citizens to withdraw and decline to act.

The reasons advanced for and against the appointment of a general trustee to take over all of the assets as above recited are extremely interesting and may serve to assist the court in the determination of the present problem.

The court has given very careful and thoughtful consideration of the applications made at the present proceeding, and as a result has reached the following conclusions:

1. The result sought by the petition for a "rule to show cause why a corporation has not been formed to effectuate and accomplish the purposes of this trust" has already been effected. The corporation is actually in the process of creation and this should be fully completed in the very near future. The allowance of a rule at this time, or the making of such a rule absolute would serve no good purpose.

2. The oral application for a trustee ad litem at this time would be premature as there is no account or other proceeding pending before this court requiring such appointment.

3. The third and final problem before the court is the request for the appointment of a general trustee with authority to take over immediately all of the capital assets of the trust estate, and to be substituted for the three testamentary trustees who have continued to administer the business of the trust by virtue of their appointment by the decedent in his will until the present time. There is not only a complete absence of any proof, but in addition there is no averment or allegation that the conduct of the testamentary trustees involves incompetence or misconduct which would justify or warrant the appointment of such a trustee at this time. For these reasons it is apparent that the court cannot grant such a request.

And now, December 17, 1956, for the reasons herein set forth, it is hereby ordered and decreed as follows:

1. The prayer of the petition for a rule to show cause why a corporation has not been formed to effectuate the purposes of the trust is hereby refused at the present time, without prejudice to the right of the

Attorney General of the Commonwealth of Pennsylvania to renew his application if circumstances appear to warrant such action be taken.

2. The oral application for the appointment of a trustee ad litem is hereby refused, without prejudice to the right to make a similar further request at such time in the future as it may be expedient to do so.

3. The oral request for the appointment of a trustee to take over immediately the assets of the testamentary trust estate for the purpose of supervision and/or administration of said trust estate is hereby refused, without prejudice to the right to make a similar further request at such time in the future as it may be expedient to do so.